IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WARDELL GREEN,                          *
ADC #115209,                            *
                                        *
                    Petitioner,         *
v.                                      *              No. 4:22-cv-00172-JJV
                                        *
DEXTER PAYNE, Director,                 *
Arkansas Division of Correction,        *
                                        *
                    Respondent.         *

## MEMORANDUM AND ORDER

### I.      BACKGROUND

Petitioner Wardell Green, an inmate at the Varner Unit of the Arkansas Division of

Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   (Doc. No. 2).   On

April 18, 2000, Mr. Green was convicted by a jury of aggravated robbery and theft of property and

was sentenced to fifty years in prison as a habitual offender.   (Doc. No. 7-1 at 1-2); *Green v. State*,

No. CACR00-1258, 2001 WL 617943, at *1 (Ark. Ct. App. June 6, 2001).   The Arkansas Court

of Appeals later described the evidence in the case as follows:

> The victim, Shane Connerly, testified that he was approached by Joshua Miles who
> asked about buying some stereo equipment. Connerly stated that Miles later paged
> him and arranged to meet him to look at the equipment Connerly was selling.
> Connerly testified that he met Miles and Miles's friend, Carlos Browning, near a
> park and that, while Miles and Browning were asking questions about the stereo
> equipment, a white car driven by appellant [Mr. Green] pulled past him and blocked
> his car. He said that when he turned back around from looking at the white car,
> Browning had pulled a gun on him. Connerly testified that Miles and appellant
> began putting his stereo equipment into the backseat of appellant's white car. He
> said the three males stole two amps, three subwoofers, a booklet of CDs, and
> $700.00 and then drove off in appellant's white car.
>
> Miles testified that he approached Connerly initially because he smelled marijuana
> and that it was not he who broached the subject of the stereo equipment, but

Connerly. Miles stated that he paged Connerly a couple of months later because his brother needed some stereo equipment for a car he had just purchased. Miles testified that they did not meet at his house to see Connerly's equipment because Miles did not want his mother to know about the transaction. Miles stated that, once they were at the park discussing the equipment, appellant drove up and that he and Browning, who were friends with appellant, went over to talk to him. Miles testified that appellant was asking what they were doing and that he stated that he had a gun. Miles stated that Browning took the pistol and stuck it in his pocket and that they heard Browning telling Connerly to be quiet before he got shot. Miles testified that he and appellant then moved the stereo equipment from Connerly's car to appellant's car.

Officer Robert Martin testified that he stopped a white car fitting the description he had received from the dispatcher. He stated that appellant was driving the car and that Connerly positively identified appellant as having been involved in the robbery earlier that day. Martin testified that he did not find a gun, any stolen stereo equipment, or the $700.00.

*Green*, 2001 WL 617943, at *1.

On June 5, 2000, Mr. Green appealed to the Arkansas Court of Appeals.  (Doc. No. 7-2).  He argued there was insufficient evidence to convict him because the State's witnesses gave inconsistent testimony.  *Green*, 2001 WL 617943, at *1.  The Arkansas Court of Appeals affirmed Mr. Green's conviction and sentence on June 6, 2001.  *Id.* at *2.  The Court of Appeals' mandate affirming his conviction was entered on June 26, 2001.  (Doc. No. 7-3).  Mr. Green did not seek rehearing or discretionary direct review with the Arkansas Supreme Court.

On August 23, 2001, Mr. Green filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.  (Doc. No. 7-4).  Mr. Green alleged his trial counsel was ineffective because he:   (1) was fraudulently practicing as an Arkansas attorney; (2) failed to call an alibi witness to testify at trial; and (3) failed to seek jury instructions on accomplice corroboration and the lesser-included offense of robbery.  *Id.* at 2-7.  Following an evidentiary hearing, the circuit court denied relief on November 1, 2002.  (Doc. No. 7-5).  The Arkansas Supreme Court affirmed the ruling on September 30, 2004.  *Green v. State*, No. CR03-474, 2004

WL 2190276, at *4 (Ark. Sept. 30, 2004).

Five years later, on September 30, 2009, Mr. Green filed a State Habeas Corpus Petition alleging:   (1) ineffective assistance of counsel; (2) *Batson*[1] allegations; (3) prosecutorial misconduct; and (4) insufficiency of the evidence.   (Doc. Nos. 7-6, 7-7 at 1).   On December 7, 2009, the circuit court denied relief because Mr. Green's arguments did not demonstrate facial invalidity of the Judgement and Commitment Order nor that the trial court lacked jurisdiction. (Doc. No. 7-7 at 2).   Mr. Green did not appeal.

On April 29, 2021, Mr. Green filed an error coram nobis petition in the Arkansas Supreme Court alleging his aggravated robbery conviction was "wrongly procured as [a] result of judicial bias and abuse of discretion, prosecutorial misconduct and the constructive denial of counsel." (Doc. No. 7-8 at 1).   As support for each allegation, Mr. Green reiterated his position that there was insufficient evidence to convict him as an accomplice to aggravated robbery.   (*Id.* at 3-6). The Arkansas Supreme Court denied relief on September 16, 2021, stating the claims were a "direct attack on the judgment and not within the purview of a coram nobis proceeding."   *Green v. State*, 2021 Ark. 159, at *3, 628 S.W. 3d 370, 372 (2021).

Mr. Green placed the instant Petition for Writ of Habeas Corpus in the prison mailing system on February 14, 2022.   (Doc. No. 2 at 14).   Mr. Green claims:   (1) he was denied due process and equal protection in violation of the 5th and 14th Amendments because of insufficient evidence to convict him of accomplice to aggravated robbery;[2] (2) ineffective assistance of trial and direct appeal counsel, and that he "was not provided counsel for [his] Rule 37 Hearing"; and

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] Within this claim, Mr. Green asserts actual innocence because lack of evidence and the "conviction is prohibited as a matter of law."   (Doc. No. 2 at 5).

(3) government official and prosecutorial misconduct, and judicial abuse of discretion for allowing his prosecution which was "facially, lawfully prohibited" due to lack of evidence.   (*Id.* at 5-8). Respondent counters that Mr. Green's first claim is not federally cognizable; the petition is time barred, and the claims have procedurally defaulted.   (Doc. No. 7 at 5).   After careful consideration of Mr. Green's Petition (Doc. No. 2) and the Response (Doc. No. 7), for the following reasons I find the Petition should be dismissed as untimely.

## II.    ANALYSIS

### A.  Time Bar

Mr. Green's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").   Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."   *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (holding in cases decided by the Arkansas Court of Appeals, conviction is final when time to file direct appeal to the Arkansas Supreme Court expires); *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009) (concluding Arkansas Court of Appeals was not the "state court of last resort").

Here, Mr. Green did not appeal his conviction to the Arkansas Supreme Court, but instead to the Arkansas Court of Appeals.   *Green*, 2001 WL 617943, at *1.   The Arkansas Court of Appeals affirmed his conviction and sentence on June 6, 2001.   *Id.* at *2.   In 2001, a petition to review had to be filed in the Arkansas Supreme Court within eighteen calendar days from the date of the decision.   Ark. Sup. Ct. R. 2-4(a) (2001); *see e.g., King v. Hobbs*, 666 F.3d 1132, 1136 n.4 (8th Cir. 2012).   If the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day."   Ark. R. App. P. Crim. 17 (2001); *see e.g., King*, 666 F.3d at 1136 n.4.   Eighteen days from June 6, 2001, is June 24, 2001, a Sunday.   Therefore, the time for direct review of Mr. Green's conviction ended on June 25, 2001, and began the one-year statute of limitations.

5

28 U.S.C. § 2244 (d)(2) states that the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court.   Mr. Green timely filed his Rule 37 petition on August 23, 2001.[3]   (Doc. No. 7-3).   Pursuant to section 2244(d)(2), the time during which Mr. Green's Rule 37 petition was pending is excluded from the limitation period.   The Arkansas Supreme Court affirmed the denial of his Rule 37 petition on September 30, 2004. *Green*, 2004 WL 2190276, at *4.   Five years later, Mr. Green filed his state habeas petition on September 30, 2009.   (Doc. No. 7-6).   It was denied on December 7, 2009.   (Doc. No. 7-7 at 3). Mr. Green then filed an error coram nobis petition on April 29, 2021, which was denied September 16, 2021.   (Doc. No. 7-8); *Green*, 2021 Ark. 159, at *3, 628 S.W. 3d at 372.   Mr. Green submitted his Petition for Writ of Habeas Corpus in the prison mailing system on February 14, 2022.   (Doc. No. 2 at 14).

Thus, fifty-nine days elapsed between the time the judgment became final on June 25, 2001, and the filing of the Rule 37 petition on August 23, 2001.   Then, the remaining 306 days elapsed between the Arkansas Supreme Court denial of the Rule 37 petition on September 30, 2004, and the submission of the state habeas petition on September 30, 2009.[4]   Accordingly, Mr. Green's state habeas and error coram nobis petitions are both outside the federal habeas statute of limitations and do not toll any time.   (Doc. Nos. 7-6, 7-8).   Mr. Green's Petition for Writ of

---

[3]  In 2001, to be timely, a Rule 37 petition had to be filed within sixty days of the issuance of the appellate mandate.   Ark. R. Crim. P. 37.2(c) (2001).   Mr. Green filed his Rule 37 Petition fifty-eight days after the Arkansas Court of Appeals' mandate issued on June 26, 2001.   (Doc. No. 7-3).
[4]  The time expired on August 2, 2005, 306 days after September 30, 2004, denial.

Habeas Corpus was filed around sixteen years and six months after the judgment became final, which is clearly outside the one-year period of limitation.

Further, after careful review of the Petition, Mr. Green fails to show he is entitled to any equitable tolling.   Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.   *Holland v. Florida*, 560 U.S. 631, 649 (2010).   Mr. Green has made neither showing.   He claims "actual, factual, and lawful innocence of aggravated robbery," ineffective assistance of counsel, and alleges his "status and mind frame of a juvenile at the time of judgment and conviction prevented [him] of the ability to be adequately informed and act in conformity due to the [intricacies] of the judicial [machinery]."   (Doc. No. 2 at 13).

First, Mr. Green's claim of actual innocence is discussed below, but does not explain his inability to timely file.   Next, he alleges ineffective assistance of counsel caused the delay, but does not provide what his attorney did or did not do.   *Id.*   Regardless, "[i]neffective assistance of counsel generally does not warrant equitable tolling."   *Berry v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002).   Finally, Mr. Green alleges his juvenile status should excuse the delay.   (Doc. No. 2 at 13).   This argument fails for multiple reasons.   First, as evidenced by the Judgment and Commitment Order, Mr. Green was not a juvenile, as he was nineteen years old when sentenced. (Doc. No 7-1 at 1).   Nonetheless, "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul."   *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003). Further, Mr. Green showed he had the ability to file petitions "in conformity" through his timely Rule 37 petition.   Mr. Green clearly had the capability of diligently pursuing his federal rights as well.   While he exhausted his state remedies, Mr. Green could have filed a "'protective petition'

in federal court, [] asking the court to stay and abbey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (explaining how petitioner in good faith trying to exhaust state remedies can protect against federal habeas time bar).   Mr. Green had ample time to file either a protective petition or federal habeas petition, but he did neither.   Instead, he waited years before making another state filing, and over a decade before filing his federal habeas petition.   Thus, Mr. Green has failed to explain why he was unable to diligently pursue his federal rights.

## B.  Actual Innocence

It is not clear whether Mr. Green's claim that he is innocent intends to raise a freestanding claim of actual innocence or a "gateway" claim to pass through the statute of limitation.   But it is well settled that a freestanding claim of actual innocence is not cognizable in habeas:   "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.").

To the extent Mr. Green raises a claim of actual innocence as a gateway, this claim also fails.   A gateway claim is "a credible showing of actual innocence [that] may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).   This rule, also known as the fundamental miscarriage-of-justice exception, "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera*, 506 U.S. at 404).   But the United States Supreme Court has

8

characterized tenable actual-innocence gateway pleas as "rare." *Id.* at 386. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012). This standard is "demanding" and seldom met. *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Additionally, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage-of-justice that would allow a habeas court to reach the merits of a barred claim.'" *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Mr. Green does not point to any new evidence and instead relies on his repeated argument that there was not enough evidence to convict him of accomplice to aggravated robbery. He states:

> The entire circumstances of the record regarding Petitioner's conduct as Innocent Bystander of an aggravated robbery whom upon instruction of the robber transported the robbers and victim possession away.
>
> The trial court under circumstance when ruled could have (perhaps) made a prima facie case for the jury to determine Petitioner conduct for the related but distinct offense of theft. A.C.A. § 5-36-106, but it is clear that if the testimony of the accomplice Joshua Miles is completely eliminated from the case the victim Shane Connerly testimony—which is the only other eye-witness testimony and any evidence at all—it is clear and wholesome that Petitioner was not accomplice to Carlos Browning conduct in being armed with a deadly weapon and threatening to

harm the victim and demanding his money nor ordering the removal of the victims stereo equipment from the victim's car to Petitioner's[.]

(Doc. No. 2 at 17).

As such, this does not qualify as new reliable evidence; therefore, Mr. Green's Petition must be dismissed as untimely.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Green has made a substantial showing of the denial of a constitutional right.   Accordingly, no certificate of appealability should issue.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Mr. Green's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED with prejudice.

2.    A certificate of appealability will not be issued.

DATED this 3rd day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE